IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FAYVUN MANNING,**
                Petitioner,

        v.                              CASE NO. 13-3071-SAC

**STATE OF KANSAS,**
                Respondent.

## MEMORANDUM AND ORDER

This petition for writ of habeas corpus, 28 U.S.C. § 2254, was filed by an inmate of the Lansing Correctional Facility, Lansing, Kansas. Petitioner has also filed a Motion for Leave to Proceed in forma pauperis and has attached financial information in support indicating the motion should be granted.

Petitioner seeks to challenge his 1998 conviction in Wyandotte County District Court of felony murder. The court finds that this application is second and successive, that petitioner does not show that he obtained preauthorization from the Tenth Circuit Court of Appeals, and that this court lacks jurisdiction as a result. The court further finds that transfer to the Circuit Court for consideration of preauthorization is not warranted because petitioner's claims are time-barred. Accordingly, this action is dismissed.

## BACKGROUND AND CLAIMS

1

Petitioner's allegations and exhibits and relevant court records reveal the following background facts. Mr. Manning was convicted of Aggravated Robbery and First Degree Murder in Case No. 97-CR-549. On October 14, 1998, he was sentenced to consecutive terms of life and 51 months. He directly appealed, and the Kansas Supreme Court (KSC) affirmed on March 9, 2001. *See State v. Manning*, 270 Kan. 674, 19 P.3d 84 (2001).

On December 20, 2001, petitioner filed his first motion under K.S.A. 60-1507. *Manning v. State*, Case No. 01-C-5052. It was summarily dismissed based upon the district court's finding that the issues raised in the motion were similar to those previously considered and denied on appeal. The denial was affirmed on collateral appeal in *Manning v. State*, 111 P.3d 198 (KCA 2005)(Table). The KSC denied review on September 20, 2005. *See Manning v. State*, 268 P.3d 11, *1 (Kan. App. Jan. 20, 2012). In 2002, petitioner filed a Motion to Correct Illegal Sentence in the trial court, *Kansas v. Manning*, 02-C-4197. He exhibits the order of the court showing that this motion was considered and denied on the merits on April 8, 2003. Petition (Doc. 1) at 21, Journal Entry.[1]

On March 23, 2006, petitioner filed his first federal habeas corpus application challenging this conviction. *Manning v. State*,

---

[1] Although petitioner states that the denial of this motion was appealed, the KCA later found that "[t]he files and records of this court do not show that an appeal was filed." *Manning*, 268 P.3d 11, at *1. They also found that in this motion, Mr. Manning "argued that the amended information was jurisdictionally defective" because the charge was different than the jury instructions. *Id.*

2

Case No. 06-3088-SAC (Apr. 3, 2007). It was dismissed with prejudice as time-barred because it was filed outside the one-year statute of limitations. Petitioner did not appeal this decision.

In 2010, petitioner filed another state post-conviction motion, *Manning v. State of Kansas*, 2010-CV-284 (Apr. 15, 2010).[2] This motion was dismissed as successive or barred by res judicata and the time limitations in K.S.A. 60-1507. Petition (Doc. 1) at 20, Order Summarily Dismissing Petition. Petitioner appealed to the Kansas Court of Appeals (KCA), which affirmed. *Manning v. State*, 268 P.3d 11 (Kan.App. Jan. 20, 2012). The KCA found Manning conceded that this motion was untimely and did not argue that it was not successive, but argued only that exceptional circumstances required review. *Id.* at *2. However, the KCA determined that Manning failed to establish either exceptional circumstances or manifest injustice. *Id.* The KSC denied review on February 19, 2013. The instant federal application was executed on March 26, 2013.

Petitioner claims in his federal petition that (1) the "charging document" was "jurisdictionally defective" in that it lacked essential elements of the offense, (2) jury instructions differed from the charge in the complaint, (3) trial counsel was ineffective and (4) the state erred in summarily dismissing his 60-1507 motion and not excusing his failure to previously raise his claims.

---

[2] Petitioner filed his most recent state post-conviction motion as Motion to Correct Illegal Sentence, but it was treated as a motion under K.S.A. 60-1507.

**FEDERAL PETITION IS SECOND AND SUCCESSIVE**

Section 2244 of 28 U.S.C., provides in pertinent part:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

>   (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

>   (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

>   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The dismissal of petitioner's first federal habeas corpus petition as time-barred is considered a dismissal on the merits. *McDowell v. Zavaras*, 417 Fed.Appx. 755, 757 (10th Cir.), *cert. denied*, 132 S.Ct. 258 (2011)(unpublished decision cited as persuasive rather than controlling authority). Consequently the instant application

4

is "second and successive." Under 28 U.S.C. § 2244(b)(3)(A), a second or successive petition for habeas corpus may be filed in the district court only if the applicant first obtains an order from the appropriate federal Court of Appeals authorizing the federal district court to consider the petition. *Id*. There is no indication in the materials filed that petitioner has obtained the necessary authorization from the United States Court of Appeals for the Tenth Circuit. As a result, this court lacks jurisdiction to address the merits of any § 2254 claim asserted in the petition. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008); *see United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006).[3] Furthermore, this application is time-barred for the same reasons as the first.

This court may either transfer this action pursuant to 28 U.S.C. § 1631 to the Tenth Circuit for prior authorization if it is in the interest of justice to do so, or dismiss it for lack of jurisdiction. *Cline*, 531 F.3d at 1252. The court finds that the interest of justice would not be served by such transfer, and that this action should be dismissed instead. The three primary considerations governing a court's decision whether to transfer or dismiss are: (1) whether the action was in good faith filed in the wrong court; (2) whether

---

[3] Petitioner has not utilized court-approved forms for filing this application as required by local court rule, and appears to have instead created his own format. If he had used the appropriate forms, he would have been directed to address the issues of successive applications and timeliness. He did not include these questions in his self-styled application, and has alleged no grounds contrary to the court's findings that this petition is second and successive as well as time-barred.

5

dismissal might make it difficult for the petitioner to comply with the one year federal limitations period; and (3) whether the claim is likely to have merit. *See id*. at 1251.

The first consideration does not support transfer in this case because the statutory requirement for prior authorization of second or successive habeas petitions has been in effect for over 17 years, making it difficult for petitioner to credibly allege that the filing of the instant petition in this court rather than the Circuit was in good faith. *See id*. at 1252. Second, a dismissal will not make it any more difficult for petitioner to comply with the applicable limitations period as the one-year statute of limitations expired many years ago. *See U.S. v. Espinoza-Saenz*, 235 F.3d 501, 504 (10th Cir. 2000). Finally, the facts showing that this case is time-barred lead the court to conclude that transfer of this action would raise "false hopes" and waste judicial resources on a case that is "clearly doomed." *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000).

Finally, the court notes that the findings and legal rulings of the state courts on petitioner's claims are not shown to be contrary to existing Supreme Court precedent.

For the foregoing reasons, the court declines to transfer this petition to the Tenth Circuit for authorization, and finds instead that it should be dismissed for lack of jurisdiction in accordance with 28 U.S.C. § 2244(b)(3).

6

**OTHER PLEADINGS**

Petitioner has filed several other pleadings. His "Notice of Appeal" (Doc. 2) and "Motion for Permission to Docket/Appeal/File Out of Time" (Doc. 3) are not appropriate pleadings in this case. In these pleadings, he seeks to appeal "from the denial of his Petition for Review in the Kansas Supreme Court, February 19, 2013" and requests permission to file "this Appeal and 28 U.S.C. § 2254" petition in this court out of time. The only "appeal" available from the decision of the Kansas Supreme Court was to the United States Supreme Court. A petition for writ of habeas corpus filed in a federal district court pursuant to § 2254 is not an "appeal," even though it is often incorrectly referred to as such. Petitioner initiated this action by submitting his § 2254 petition, and no additional "Notice of Appeal" was necessary or appropriate. Petitioner's request for permission to file his "appeal" out of time is likewise inappropriate because this is not an appeal, and the thirty-day limit for state court appeals does not govern the timeliness of this action. In this motion, petitioner does not present any grounds that address the actual time limitation for federal habeas corpus petitions set forth in 28 U.S.C. § 2244. The court denies the motion to "appeal" out of time on the grounds that this is not an appeal subject to a thirty-day time limit and petitioner presents no valid grounds for tolling the habeas corpus time limit.

Petitioner's Motion for Appointment of Counsel (Doc. 6) is denied as moot due to the dismissal of this action for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that this action is found to be second and successive and is accordingly dismissed for lack of jurisdiction.

**IT IS FURTHER ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 5) is granted, and petitioner's Motion to Docket/Appeal/File Out of Time (Doc. 3) and Motion to Appoint Counsel (Doc. 6) are denied.

**IT IS FURTHER ORDERED** that petitioner is denied a certificate of appealability.

**IT IS SO ORDERED.**

Dated this 19th day of June, 2013, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge